# NATIONAL BONDHOLDERS CORPORATION *v.* AUSTELL BANK.

No. 13314.   MAY 17, 1940.   REHEARING DENIED JUNE 14, 1940.

**412**

*John S. Matthews,* for plaintiff. *Morris & Welsch,* for defendant.

DUCKWORTH, Justice. Does the motion state any ground upon which the judgment of nonsuit should be set aside? It is observed that the only ruling or judgment attacked is the nonsuit, and that the various grounds of the motion must be considered as assaults upon this judgment only. While the motion discusses alleged deficiencies in the peremptory order which preceded and constituted the basis for the nonsuit, yet no attempt is made to set aside that order. It is contended that there was no peremptory order as required by the Code, § 38-801 et seq.; but the record contains an order which recites that "it is the order of the court" that the documents described are material, and that they should be produced. It is dated November 10, 1939, and is signed by the trial judge. This order conforms to the requirements of the statute. With such an order, the statute is clear on what shall follow. The Code, § 38-803, declares: "If the plaintiff or his attorney, being so notified, shall fail or refuse to comply with such order, the court shall, on motion, give judgment against such plaintiff as in case of nonsuit." This record discloses that a proper order to produce was issued and notice thereof given plaintiff's attorney; that the plaintiff refused to comply with the order; and that on motion by defendant the judgment of nonsuit was rendered. It is apparent therefore that the statute demanded the judgment assaulted. The motion can not go behind the order to produce, without seeking to set aside that order. Being an order clearly within the power

of the court to issue, and the record disclosing no invalidity, it is conclusively presumed to have been authorized and to be valid. It follows that the ground of the motion alleging non-compliance with the Code, § 38-806, will not be considered. The motion asserts that the judgment is contrary to evidence. As ruled above, the only support required is an order by the court to produce, failure after notice to obey such order, and motion for the judgment. This record discloses each of these requirements. Finally, the motion alleges that by reason of the various circumstances set out above the judgment resulted from fraud. Such circumstances do not constitute fraud or grounds for setting aside the judgment. It follows that the motion failed to allege any ground that would authorize setting aside the judgment, and that it was not error to dismiss the same on demurrer.

*Judgment affirmed. All the Justices concur.*